**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SHARON HARDEN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 07 cv 5928 |
| | ) | Judge Matthew F. Kennelly |
| WM. WRIGLEY Jr. , Co., | ) | |
| | ) | Magistrate Judge Nan Nolan |
| | ) | |
| Defendant. | ) | |

**FILED**
**NOVEMBER 6, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**NOTICE OF WAGE/HOUR CLASS AND COLLECTIVE ACTION,
PROPOSED SETTLEMENT AND HEARING**

**PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE RELATES TO A PROPOSED CLASS ACTION SETTLEMENT OF LITIGATION. IF YOU ARE A CLASS MEMBER, IT CONTAINS IMPORTANT INFORMATION AS TO YOUR RIGHTS.**

**I.      INTRODUCTION**

A settlement has been reached in this lawsuit. The lawsuit is pending in the United States District Court, Northern District of Illinois. The lawsuit was filed on behalf of all persons who were employed by Wrigley as a Customer Financial Service Representative, Customer Support Account Manager, Financial Analyst - Customer Support, or Customer Support Specialist (collectively "CSAM") at any time during the period of October 19, 2004 through and including November 30, 2008. This group of people is called the "Settlement Class."

You have received this Notice because records indicate that you worked as a CSAM within this period. This Notice is designed to tell you how you can participate in this settlement and how you can choose to be excluded from this settlement.

**II.     BACKGROUND OF THE CASE**

On October 29, 2007, Plaintiff Sharon Harden ("Plaintiff") filed a Lawsuit against Wrigley on behalf of herself and others who were employed by Wrigley as Customer Financial Service Representatives (the "Litigation"). Plaintiff alleged that Customer Financial Service Representatives are owed unpaid overtime wages ("Class Claims"). Plaintiff brought these overtime claims under Federal and Illinois wage statutes. Plaintiff also made claims on behalf of herself for race discrimination.("Individual Claim").

The Parties engaged in settlement discussions before a federal Magistrate Judge. As a

result, the Parties entered into an agreement to settle the Class Claims for $40,900. As part of the settlement, Plaintiff's Individual Claim is being dismissed. The parties also agreed that the judge presiding over the case is going to determine the amount of attorney's fees and expenses to award to class counsel. That amount will be paid separately by Wrigley and will not reduce your recovery.

Class Counsel believe that further proceedings in this case against Wrigley would be very expensive and take a long time. In addition a successful outcome in your favor is uncertain. Class Counsel believe that the proposed settlement with Defendant is a fair, reasonable, and adequate compromise of the lawsuit.

By entering into the Settlement Agreement, Wrigley does not admit any liability or wrongdoing and Wrigley denies that it did anything wrong. Wrigley has agreed to settle for the purpose of avoiding the costs and disruption of ongoing litigation.

The court gave preliminary approval to the Settlement Agreement on October 30, 2008 ("Preliminary Approval Order"). Members of the Settlement Class can view a copy of the Settlement Agreement during regular business hours at the Office of the Clerk of the United States District Court, Northern District of Illinois, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604.

The Settlement Agreement provides for the certification of a class for settlement purposes only and that settlement payments be made to the following: All persons who were employed by Wrigley as a CSAM at any time during the period of October 19, 2004 through and including November 30, 2008.

If you are part of the Settlement Class as defined above, you have the opportunity to participate in the settlement. Please review the Summary of the Settlement below to understand how you may benefit and be affected by the Settlement Agreement.

### III. SUMMARY OF THE PROPOSED SETTLEMENT

The Settlement Agreement provides for the following:

### A. Settlement Payment:

In return for settlement and a release of all wage and hour claims of the Settlement Class against Wrigley, Wrigley will make the following payments to you:

- A check payable to you for the amount of _____ dollars and _____ cents ($_____), less all applicable payroll taxes and other authorized or required deductions as payment for unpaid wages. Wrigley will issue an IRS Form W-2 to you reflecting this payment ;

- A check payable to you for the amount of ____ dollars and ____ cents ($____) as payment for liquidated damages. Wrigley will issue an IRS Form 1099 to you

reflecting this payment.

### B. Enhancement Payment:

Plaintiff Sharon Harden took a lead role in this Litigation and assisted in its resolution, and she will receive an Enhancement Payment in the amount of $3,000. In return, Harden will give up all class claims she has against Wrigley and will be barred from future employment with Wrigley.

### C. Attorneys' Fees:

Class Counsel are going to ask the Court for an award of attorneys' fees and expenses. Wrigley reserves all rights to challenge that request. The amount the Court awards will be paid separately. You will not be responsible for paying any attorney's fees.

### D. Distribution of Undistributed Amounts:

Amounts not paid out of the Maximum Gross Settlement Amount shall remain the sole and exclusive property of Defendant.

### E. Release:

The Settlement Agreement contains a release. In return for the payments to you from Wrigley, you will give up your right to file a separate claim or lawsuit against Wrigley for any overtime wages you might claim were owed to you as a CSAM from October 19, 2004 through November 30, 2008. You will also give up any claim that Wrigley retaliated against you for complaining about overtime wages.

## IV. YOUR RIGHTS AND OBLIGATIONS AS A CLASS MEMBER

### A. Participation in the Settlement:

To participate in the Settlement and receive payment you do not have to do anything. If your address has changed or will change in the near future please notify class counsel at the address listed below.

### B. Excluding Yourself from the Settlement:

If you do not want to participate in the settlement, you must exclude yourself (i.e., "opt out") by mailing a written statement stating your desire to be excluded from the Settlement Class. In that statement, you must include your name (and former names, if any), current address, telephone number, social security number, and dates of your employment with Wrigley. That statement must be sent to the following attorneys at the addresses listed below:

| **CLASS COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|
|  |  |

CH3 1144384.1

| | |
|---|---|
| Neal C. Zazove<br>Neal Zazove and Assoc., PC<br>19 South LaSalle Street<br>Suite 1200<br>Chicago, IL 60603<br><br>Aron David Robinson<br>Law Office of Aron D. Robinson<br>19 South LaSalle Street<br>Suite 1200<br>Chicago, IL 60603 | Richard P. McArdle<br>Rebecca Pratt Bromet<br>Seyfarth Shaw LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, Illinois 60603 |

Your written statement must be postmarked by December 15, 2008. If you opt-out of the Settlement Class, you will not receive any payments under Settlement Agreement, nor will you have released any claims you may have against Wrigley for overtime pay. In that case, if you desire, you may file your own claim or lawsuit against Wrigley.

**C.     Objection to Settlement:**

You may object to the terms of the Settlement Agreement if you believe the Settlement is unfair, however, you will still be bound by the Settlement if it is approved or modified. To object, you must deliver or mail a written objection to the Clerk of the United States District Court, Northern District of Illinois, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, 60604. You must also send a copy of your objection to the following attorneys at the addresses listed below:

| **CLASS COUNSEL** | **DEFENDANT'S COUNSEL** |
|---|---|
| Neal C. Zazove<br>Neal Zazove and Assoc., PC<br>19 South LaSalle Street<br>Suite 1200<br>Chicago, IL 60603<br><br>Aron David Robinson<br>Law Office of Aron D. Robinson<br>19 South LaSalle Street<br>Suite 1200<br>Chicago, IL 60603 | Richard P. McArdle<br>Rebecca Pratt Bromet<br>Seyfarth Shaw LLP<br>131 South Dearborn Street<br>Suite 2400<br>Chicago, Illinois 60603 |

Any written objection must state the reason(s) you feel the settlement is unfair. You should include all information you feel is necessary for the court to consider your objection, including any legal support for your position. You should also state if you will be present at the fairness hearing on January 21, 2009 at 9:30 AM. The Court will consider your objection even if you do not appear

CH3 1144384.1

at the hearing. Your written statement must also state your full name, address, date of birth, and the dates of your employment with Wrigley. To be valid and effective, your written statement must also be served upon each of the above-listed attorneys no later than December 15, 2008. **DO NOT TELEPHONE THE COURT.**

If you pursue your objection to this settlement, you may, but are not required to, hire your own attorney. You will be solely responsible for the fees and costs of your attorney.

### V. PAYMENT TO CLASS MEMBERS

If you do not opt out, your settlement payment will be mailed to you within twenty days of the latter of final Court approval or the exhaustion of any appeals.

### VI. FINAL SETTLEMENT APPROVAL HEARING

The Court will hold a hearing in Courtroom Number 2103 at the United States District Court, Northern District of Illinois, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois, 60604, on January 21, 2009 at 9:30 A.M. The Court will consider whether the settlement is fair, reasonable, and adequate and give class members an opportunity to be heard. The Court will also consider Class Counsel's request for attorneys' fees and costs in this hearing. Class Counsel's application for attorneys' fees and costs will be on file with the Court no later than December 31, 2008 and will be available for review after that date.

The hearing may be continued without further notice to the Settlement Class. **It is not necessary for you to appear at this hearing, but you may appear if you desire.**

### VII. ADDITIONAL INFORMATION

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should read the Class Action Settlement Agreement, which is on file with the Clerk of the Court. The pleadings and other records in this litigation also may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court, Northern District of Illinois, Everett McKinley Dirksen Building, 219 South Dearborn Street, Chicago, Illinois 60604.

**PLEASE DO NOT TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS**

CH3 1144384.1